JAMES W. BARNES,  Case No. 16-cv-962-pp

    Petitioner,

v.

MARIA SILAO, Superintendent,
Gordon Correctional Center,[1]

    Respondent.

---

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1), AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

---

    James W. Barnes, who is represented by counsel, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee.[2] The case is now before the court for screening pursuant to Rule 4 of the Rules Governing §2254 Proceedings.

## I.    BACKGROUND

    In Racine County Circuit Court, the petitioner was convicted of one count of robbery with the use of force while armed, based on a plea of no contest. Dkt. No. 1-1 at 4. Following his conviction, the petitioner challenged his plea in

---

[1] Maria Silao is the Superintendent of Gordon Correctional Center and is the petitioner's present custodian. The court directs the clerk's office to substitute Ms. Silao as the proper respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . .").

[2] The petitioner also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. Because he has paid the $5.00 filing fee, the court will deny that motion as moot.

1

a motion for post-conviction relief. Id. at 4. His counsel filed a no-merit report in the state trial court, and, in an opinion dated June 6, 2012, the state appellate court affirmed the trial court's conclusion "that there would be no arguable merit to an appellate challenge to [the petitioner's] plea." Id. The petitioner then moved the trial court for an order modifying his sentence, arguing that the trial court relied on incorrect information regarding the felony classification of the charge to which the petitioner pled guilty. Id. The trial court denied that motion. Id. In an opinion dated March 24, 2015, the state appellate court affirmed the trial court's decision. Id. The Wisconsin Supreme Court denied the petitioner's petition for review in an order dated August 5, 2015. The petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

The petitioner subsequently filed this federal *habeas* petition. Dkt. No. 1. The petition sets forth grounds for *habeas* relief related to his sentence: (1) that the state trial court erroneously sentenced him to a term of imprisonment based on a different class of felony for which he was convicted; and (2) that the state trial court relied on inaccurate information concerning the petitioner's criminal history when sentencing him, in violation of his right to due process. Id. at 6-8.

## II. THE PETITIONER MAY PROCEED ON BOTH CLAIMS IN HIS PETITION.

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

The petitioner's claims that his sentence was imposed based on inaccurate information, in violation of his due process rights, are cognizable on *habeas* review. See e.g., Simonson v. Hepp, 549 F.3d 1101, 1107 (7th Cir. 2008) ("Due process demands that a court sentence a defendant upon accurate information."); Lechner v. Frank, 341 F.3d 635, 639 (7th Cir. 2003) ("A defendant who requests re-sentencing due to the use of inaccurate information at the original sentencing must show both that information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing"). At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court finds only that the petitioner has stated claims that are generally cognizable on *habeas* review.

Next, in order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner has exhausted his state remedies on these claims.

3

Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's *habeas* argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when he has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18 (1972).

From the face of the petition and the attachments to the petition, it appears that the petitioner has satisfied this requirement; at this preliminary stage, it appears that he presented each of his claims to each level of the Wisconsin state courts, and ultimately was denied relief. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion question; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims, or from filing pleadings based on that argument.

4

Finally, the court considers whether the petitioner procedurally defaulted any of his claims. Even if a petitioner has exhausted review of a constitutional claim in the state courts, it is possible that a federal *habeas* court can be foreclosed from reviewing the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment " 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler, --- U.S. ---, 133 S. Ct. 1911, 1917 (2013). At this point in the case, the court can discern no procedural default from the face of the petition or its attachments. Therefore the court will allow all four of the claims in the petitioner's *habeas* case to proceed.

### III. CONCLUSION

The court **ORDERS** that the petitioner may proceed on both of the claims in his *habeas* petition.

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition,

5

complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and

Maria Silao, Warden of the Gordon Correctional Center will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 17th day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge